## A91A0055. BLACK v. THE STATE.
(406 SE2d 258)

BANKE, Presiding Judge.

The appellant, Michael Black, was convicted of molesting his four-year-old stepdaughter. See generally OCGA § 16-6-4. His sole enumeration of error on appeal is directed to a jury instruction given during the course of the trial which, he contends, constituted an improper comment by the court regarding the credibility of the child's in-court testimony.

A protective service worker employed by the Department of Family & Children's Services testified that the child had revealed to her, by reference to an anatomically correct doll, that the appellant had placed both a beer bottle and his finger on her vagina. However,

at trial the child shook her head negatively when asked by the state's attorney if the appellant had done anything to her. The state's attorney then asked the child whether she was afraid of the appellant, and defense counsel objected on the ground that the question was leading. The following exchange then took place between the trial judge and the witness: "THE COURT: 'I'll permit her to answer that question. Young lady, are you afraid? Are you afraid of someone? You are not afraid of me, are you?' THE WITNESS: (Moves head from side to side.) THE COURT: 'Are you afraid of someone?' THE WITNESS: (Moves head up and down.) THE COURT: 'Who are you afraid of?' THE WITNESS: 'Michael.' THE COURT: 'Proceed.' "

After the child had finished testifying, four other witnesses, including her mother and her grandmother, testified that she had also indicated to them that the appellant had placed his finger on her vagina. Three of these witnesses further testified that the child had begun to change her story approximately a week before trial, telling them she was afraid the appellant might hurt her. At the conclusion of the testimony of these witnesses, the judge instructed the jury as follows: "Members of the jury, I caution you that the witness is of tender years, I believe four years old, and the weight and credit to be given that witness' testimony, a witness of such tender years, is a matter within your discretion. Her veracity, her appreciation of the consequences of her statements are all matters for you to consider and determine in giving her testimony any weight and credit at all. And in the final analysis, it would be your decision as to what weight and credit such testimony might be given, if any." Defense counsel moved for mistrial at this time, contending that these instructions, coming as they did at the conclusion of testimony of other witnesses regarding the child's prior reports of molestation rather than at the conclusion of the child's in-court testimony denying that the appellant had molested her, constituted an improper expression of opinion by the court to the effect that the child's in-court testimony should be disregarded. The judge responded that he had simply forgotten to give the instruction at the conclusion of the child's testimony and, at the appellant's request, further instructed the jury that they were sole judges of the credibility of the witnesses and that he had not intended by the timing of his previous instructions to make any comment on the evidence. The appellant did not thereafter renew his motion for mistrial or request further curative instructions. *Held*:

"Where a trial judge is alleged to have made prejudicial remarks during the course of the trial, an objection or motion for mistrial must be made to preserve the issue for appeal. (Cit.)" *Gonzalez v. State*, 175 Ga. App. 217, 223 (8) (333 SE2d 132) (1985). "When a motion for mistrial is [made but is] not renewed after curative instructions by the court, the issue is not preserved for appeal. (Cit.)" *Smith v. State*,

187 Ga. App. 322 (2) (370 SE2d 185) (1988). It follows that the present appeal presents nothing for review.

*Judgment affirmed. Carley, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur for the reason that the curative instruction removed any inference that the judge favored the State's witness and thus precluded the necessity for a mistrial to be declared. Assuming the placement of the original instruction gave rise to such an inference, it was eliminated by the curative instruction which brought the trial into compliance with OCGA § 17-8-57.

I do not agree that the opportunity for appellate review of the ruling on the motion for mistrial was lost by nonrenewal, for defendant made clear before the suggested re-instruction was given that: "Let me also state, Your Honor, that no way do I feel like those instructions will cure the taint that has occurred by you giving the charge at the time you did." Defendant unequivocally notified the trial court that he insisted on a mistrial despite the proposed curative instruction, which was given, thus serving the purpose for requiring renewal of the motion, i.e., that the curative instruction was not a satisfactory remedy. See *Barnes v. State*, 111 Ga. App. 348 (1) (141 SE2d 785) (1965).

DECIDED MAY 29, 1991.

*Albert C. Palmour, Jr.*, for appellant.
*Ralph L. Van Pelt, Jr.*, District Attorney, *Susan S. Camp, Melodie B. Swartzbaugh*, Assistant District Attorneys, for appellee.