A91A0455. CRIDISO v. THE STATE.
(408 SE2d 153)

COOPER, Judge.

Appellant was convicted by a jury of burglary and appeals the denial of his motion for new trial raising five enumerations of error.

1. Appellant first argues that the trial court erred in admitting similar crime evidence without requiring the State to first specify with particularity which of the issues the similar crime evidence was being offered to prove, i.e., identity, motive, modus operandi, course of operation or bent of mind and that the trial court should have instructed the jury to limit its consideration of the similar crime evidence to only those articulated issues. Without such a requirement, appellant argues, an accused is placed in a position of having to defend or rebut any and all permissible purposes for the admission of the similar transaction evidence, which is an impermissible burden to place on an accused.

The law is well-settled in Georgia that testimony concerning similar crimes is admissible for the limited purpose of showing identity, motive, plan, scheme, bent of mind and course of conduct, if the independent crimes are similar or logically connected to the crime for which the accused is on trial. Such evidence is relevant because "[p]roof of crimes which *are* similar or *are* closely connected to the crime charged *does* tend to establish the crime charged." *State v. Johnson*, 246 Ga. 654 (1) (272 SE2d 321) (1980). Appellant has failed

to cite any precedent which would restrict the admissibility of similar crime evidence in the manner requested by appellant, nor has he raised any arguments which would persuade this court to establish such a rule at this time. If similar crime evidence is relevant to the issues at hand and probative of identity, motive, plan, scheme, bent of mind or course of conduct, then the State may offer such evidence to prove any or all of said issues. See, e.g., *Williams v. State*, 251 Ga. 749, 785 (312 SE2d 40) (1983).

The trial court properly instructed the jury, without request, to consider the similar crime evidence for the limited purpose of showing identity, plan, motive, scheme, bent of mind or course of conduct. *State v. Johnson*, supra at 656. However, for the reasons stated above, the trial court was not required to further limit the jury's consideration of the similar crime evidence in the manner asserted by appellant. Moreover, appellant never requested the trial court to instruct the jury to limit its consideration of the similar crime evidence in the manner now argued on appeal, and this court has repeatedly held that failure to instruct the jury as to the limited purpose for which evidence is offered, is not error in the absence of a request. See, e.g., *Fussell v. State*, 187 Ga. App. 134 (3) (369 SE2d 511) (1988).

2. In his second enumeration of error, appellant contends that the trial court erred in admitting evidence that appellant pled guilty to four counts of burglary in 1986. " '(B)efore evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter.' [Cit.]" *Masters v. State*, 186 Ga. App. 795 (2) (368 SE2d 557) (1988). "Although there must exist 'sufficient similarities' . . . , the two occurrences need not be identical. [Cit.]" *Brown v. State*, 197 Ga. App. 155, 156 (398 SE2d 34) (1990). Lapse of time between the commission of prior similar crimes and the commission of the offense currently at trial is only one factor to be taken into consideration when balancing the probative value of the evidence against its potentially prejudicial impact. *Oller v. State*, 187 Ga. App. 818 (2) (371 SE2d 455) (1988). We have carefully reviewed the evidence and find the four previous burglary convictions in 1986 to be sufficiently similar to the circumstances of the present offense and probative of appellant's identity in that all five burglaries involved similar schemes, methods and designs. See, e.g., *Martin v. State*, 198 Ga. App. 488 (402 SE2d 95) (1991); *Masters v. State*, supra. Accordingly, the trial court did not abuse its discretion in allowing evidence of appellant's prior burglary convictions for the limited purposes for which the jury was properly instructed.

3. Appellant asserts in his third enumeration of error that the trial court erred in admitting into evidence certified copies of his previous burglary convictions which included the sentences received by appellant and an order that appellant be evaluated for drug addiction, submit to random drug testing and complete a drug treatment program. "We share appellant's concern here that the sentence in a prior offense does not show motive, intent, scheme, and bent of mind; however, appellant must show not only error but harm. [Cits.] While the better method would be not to admit the sentence in a prior offense where a similar transaction is involved, in the case sub judice it is 'highly probable' that the admission of the sentence did not contribute to the verdict. [Cit.]" *Groble v. State*, 192 Ga. App. 260 (2) (384 SE2d 281) (1989). Hence, this enumeration of error is without merit.

4. In his fourth enumeration of error, appellant argues that the trial court erred in admitting into evidence testimony and exhibits pertaining to an eyewitness' pretrial photographic identification of appellant and in permitting an in-court identification of appellant by the eyewitness. " '[Convictions] based on eyewitness identification at trial following a pretrial identification by photograph will be set aside only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. (Cits.)' [Cit.]" *Arnold v. State*, 198 Ga. App. 449 (402 SE2d 69) (1991). Contrary to appellant's contention, we find no evidence that the pretrial photographic display presented to the eyewitness was unduly suggestive or coercive. Furthermore, although it may not be good practice for a police officer to indicate to a witness that he has chosen the "right guy" after a pretrial photographic display, which apparently occurred in this instance, a subsequent in-court identification is not automatically tainted by such a comment if it does not depend upon the prior identification but has an independent source. *Dodd v. State*, 236 Ga. 572, 573 (224 SE2d 408) (1976). See also *Butler v. State*, 191 Ga. App. 620 (1) (382 SE2d 616) (1989). The evidence indicates that the eyewitness had an opportunity to observe appellant at least three times during the commission of the burglary at a range of four feet to ten yards during daylight hours and that the eyewitness quickly identified appellant's photograph at the pretrial photographic display two days later. "Under the totality of the circumstances present here, the pretrial photographic identification in this case did not impermissibly taint the subsequent in-court identification of the appellant." *Dodd v. State*, supra at 574.

5. In his fifth enumeration of error, appellant argues that the trial court's charge to the jury was coercive and forced the jury to render a verdict in a short period of time, preventing them from exercising due care and deliberation in their verdict. We disagree. The trial court

charged the jury: "Ladies and Gentlemen, as I told you before, your verdict must be unanimous. Must be agreed to by all twelve of you. I[t] must be a twelve to zero vote. It must be dated. Today is May the 31st, 1990. Hopefully will still be May 31st when y'all reach your verdict. . . ." From our review of the transcript, it appears that the trial court merely intended to interject humor into the proceedings and did not expect the jury to take his remark seriously. Moreover, even if the jury took the comment seriously, the trial court also instructed the jury that "no juror is required to surrender an honest opinion merely for the sake of reaching a unanimous verdict, if in their conscience and pursuant to their oath as a juror they honestly believe their opinion should not be changed." " ' "The charge to the jury is to be taken as a whole and not out of context when making determinations as to the correctness of same. (Cits.)" [Cit.]' [Cit.]" *Johnson v. State*, 187 Ga. App. 803 (3) (371 SE2d 419) (1988). We find that when viewed in its entirety, the jury was properly charged of its obligation to exercise care and deliberation in reaching a verdict. Accordingly, we find this enumeration to be without merit.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED JULY 8, 1991.

*Steven L. Harris*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Sylvia A. Martin, Rebecca A. Keel, Assistant District Attorneys*, for appellee.