A95A1353, A95A1354. THE STATE v. WILLIS; and vice versa.
(461 SE2d 576)

McMURRAY, Presiding Judge.

Defendant Willis was indicted for the offense of armed robbery and found guilty by a jury. Prior to trial defendant was given notice that the State would raise certain prior felony convictions and seek recidivist punishment if he was convicted. Certified copies of those convictions were entered into the record at the sentencing hearing and the State sought the imposition of a sentence of life imprisonment without parole pursuant to the mandatory provisions of OCGA § 17-10-7. In Case No. A95A1353, the State appeals the imposition of a sentence of life imprisonment. Defendant appeals his conviction of armed robbery in Case No. A95A1354. *Held*:

1. In his first enumeration of error, defendant maintains that the trial court erred in admitting into evidence his handwritten statement since it was obtained after he had been physically accosted by the investigating officers. This is predicated on an incident during the in-custody interrogation of defendant. At least two officers and defendant were seated around a table when defendant became agitated, stood up, and acted in a threatening manner towards the officers. An officer pushed the table against defendant in order to restrain him and instructed defendant to sit down. The allegation of physical abuse is predicated on the table striking defendant during this incident.

The essential question is whether the officers' conduct amounted to a threat or coercion such as would preclude a conclusion that defendant's statement was given voluntarily. In this instance, there was ample evidence that the officers acted appropriately to curb defendant's outburst and did not cause him undue concern for his physical

safety. Since the factual findings of the trial court, which implicitly included this view of the circumstances, in determining the voluntariness issue are not clearly erroneous, those findings must be accepted by this Court. *McCoy v. State*, 174 Ga. App. 621, 623 (3) (330 SE2d 746).

2. Next, defendant maintains that the trial court erred in refusing to suppress the in-court identification of defendant by the victim. After the victim identified defendant in a pre-trial lineup, she was told by an investigator that she had picked the person who they thought had committed the crime. We have repeatedly noted that it is not a good practice to indicate to a witness that the right person has been chosen from a lineup. However, as defendant concedes an in-court identification is not automatically tainted by such a comment. The question of whether the subsequent in-court identification is tainted depends on all the circumstances of each case. *Dodd v. State*, 236 Ga. 572, 573 (224 SE2d 408); *Campbell v. State*, 206 Ga. App. 456 (426 SE2d 45); *Cridiso v. State*, 200 Ga. App. 342, 344 (4) (408 SE2d 153).

In Case No. A95A1354, the victim had ample opportunity to view the perpetrator at the time of the crime considering both the amounts of time and light available. The victim was face to face with the perpetrator, her attention was focused on the perpetrator, there was ample light, and some period of time passed as the perpetrator searched her purse and wallet before attempting to force her into a vehicle. The victim was positive about her identification of defendant at the line-up and in court. Under these circumstances the trial court was authorized to conclude that the pre-trial identification did not impermissibly taint the subsequent in-court identification of defendant.

In so holding, we reject defendant's attempt to distinguish *Dodd v. State*, supra, and its progeny simply because many of these cases involve a pre-trial lineup which is photographic and do not involve the physical presence of the defendant at a lineup as in the case sub judice. It is clear under our decision in *Munn v. State*, 208 Ga. App. 674, 676 (5d) (431 SE2d 447) that the test for admissibility of an in-court identification following a tainted pre-trial identification does not change where the pre-trial identification occurred at a physical lineup. In other words, the issue following a tainted pre-trial identification, whether involving a photographic or physical lineup, is whether the in-court identification had an independent origin. The evidence supports a conclusion that the in-court identification had an independent origin in the case sub judice, therefore this enumeration of error lacks merit.

3. Defendant enumerates as error the denial of his motion for mistrial which was submitted after a police detective noted during cross-examination that defendant was a suspect in several criminal cases. However, since the motion for mistrial was not renewed after

the trial court gave curative instructions to the jury, the issue was not preserved for appeal. *Bailey v. State*, 209 Ga. App. 390, 394 (6) (433 SE2d 610); *Black v. State*, 199 Ga. App. 819, 820 (406 SE2d 258).

4. In his final enumeration of error, defendant contends that the evidence admitted at trial was not sufficient to authorize his conviction. That evidence shows that the victim was leaving church when she heard someone run up behind her. Someone tried to pull the victim's purse off her shoulder but she tried to hang on to it until the perpetrator faced her with a knife and told her to let go of it. After the perpetrator had searched her purse and wallet he threatened the victim again with the knife in an attempt to get her into a vehicle, but she escaped. The victim positively identified defendant as the perpetrator of this crime at a pre-trial lineup and adhered to this identification at trial. Based on this evidence, a rational trier of fact was authorized to find defendant guilty beyond a reasonable doubt of armed robbery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Pruitt v. State*, 217 Ga. App. 681 (1), 682 (458 SE2d 696). Defendant's conviction of the offense of armed robbery must be affirmed.

5. In Case No. A95A1353, the State appeals the sentence of life imprisonment imposed upon defendant and contends that this sentence was void since OCGA § 17-10-7 required that defendant be sentenced to life imprisonment without eligibility for parole. The State may appeal a void sentence. *State v. Baldwin*, 167 Ga. App. 737, 738 (1) (307 SE2d 679).

The version of OCGA § 17-10-7 applicable to defendant's offense is that which existed prior to the 1994 amendment (applicable January 1, 1995), and includes paragraph (b) which removes the possibility of parole in regard to the sentence of fourth offender recidivists. The record shows notice to defendant that the prior convictions would be used against him at sentencing. Certified records of at least five of the noticed prior felony convictions were introduced by the State at the presentence hearing.

Nonetheless, defendant argues that there was no proper notice of the State's intent to rely on the prior convictions or OCGA § 17-10-7 since such was not reflected on the face of the indictment. This argument was once correct, more than 20 years ago under a short lived two-step sentencing procedure. Under the statutory scheme applicable to defendant's conviction, the absence of any allegation as to defendant's recidivism in the indictment stands as no impediment to the imposition of sentencing pursuant to OCGA § 17-10-7. *Mitchell v. State*, 202 Ga. App. 100 (1) (413 SE2d 517).

Since defendant's sentence is not in conformity with the applicable version of OCGA § 17-10-7 (b), it is void. The sentence *only* is reversed and the case remanded in order that the trial court may im-

pose a sentence upon defendant which does not allow the possibility of parole pursuant to OCGA § 17-10-7 (b) and is otherwise in conformity with the law. *State v. Baldwin*, 167 Ga. App. 737, 739 (3), 740, supra.

*Judgment affirmed in Case No. A95A1354. Judgment reversed in Case No. A95A1353 and remanded with direction. Andrews and Blackburn, JJ., concur.*

DECIDED AUGUST 25, 1995.

*Richard A. Malone, District Attorney, William S. Askew, Assistant District Attorney*, for appellant.

*Thomas J. O'Donnell*, for appellee.