## A02A2004. MANN v. THE STATE.
### (578 SE2d 238)

ADAMS, Judge.

Defendant Calvin Mann was found guilty of possessing cocaine with intent to distribute and sentenced as a recidivist to life without parole. In *Mann v. State*, 240 Ga. App. 809 (524 SE2d 763) (1999), we rejected Mann's contentions concerning the effectiveness of his trial counsel and affirmed his conviction. The Supreme Court of Georgia granted certiorari to consider, inter alia, whether we had correctly

determined the possible sentences which could be imposed on Mann under OCGA § 16-13-30 (d), pertaining to sentencing of persons with two or more convictions for possession of a controlled substance with intent to distribute, and OCGA § 17-10-7, pertaining to the sentencing of repeat felony offenders.[1] The Supreme Court affirmed Mann's conviction in *Mann v. State*, 273 Ga. 366 (541 SE2d 645) (2001).

On February 8, 2002, Mann filed an "Extraordinary Motion to Vacate/Set Aside Sentence Judgment." The trial court denied the motion, finding that the issues raised in Mann's motion had been decided adversely to him both by this Court and our Supreme Court. Mann has filed a pro se appeal from this order.[2]

1. Mann filed a "Motion for Default Judgment" in this Court on December 30, 2002, based on the State's failure to file a responsive brief. But an appellant cannot win by default in this Court; we are required to make the proper decision in each and every case, with or without a brief from the appellee. Moreover, the State has since filed a brief.

2. In his brief on appeal, Mann either makes challenges to his sentence that have already been decided adversely to him in his previous appeal, or urges grounds not previously raised and ruled on by the trial court. Relitigation of issues previously decided on appeal is barred by res judicata. *Daniels v. State*, 244 Ga. App. 522, 523, n. 6 (536 SE2d 206) (2000). The fact that Mann's arguments are presented in a "slightly different manner does not alter the binding effect of our previous opinion. In the absence of a change in the evidence or the law, [Mann] is not entitled to multiple bites at the apple." *Day v. State*, 242 Ga. App. 899, 901 (2) (531 SE2d 781) (2000). And inasmuch as we are a court for the correction of errors, we do not consider issues which were not raised below and ruled on by the trial court. *Daniels v. State*, 244 Ga. App. at 523. The present appeal presents nothing for this Court to review; and the judgment is affirmed.

*Judgment affirmed. Ruffin, P. J., and Barnes, J., concur.*

---

[1] As noted by the Supreme Court, this was Mann's third conviction for possessing a controlled substance with the intent to distribute and his ninth felony conviction in all. *Mann v. State*, 273 Ga. 366 (541 SE2d 645) (2001).

[2] In addition to the present appeal, Mann filed a discretionary application to appeal as well as another direct appeal from this same order. Mann also filed a direct appeal and discretionary application in the Supreme Court, which were transferred to this Court after the Supreme Court determined that the issues raised in the appeal did not invoke the jurisdiction of that Court. These other attempts to appeal have been dismissed by this Court as duplicative.

DECIDED FEBRUARY 11, 2003.

Calvin Mann, *pro se.*
*Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker, Assistant District Attorney*, for appellee.