A03A1832. JUSTICE v. THE STATE.
(589 SE2d 624)

BLACKBURN, Presiding Judge.

Following his conviction of armed robbery by a jury,[1] Jamal Justice appeals, contending the evidence was insufficient to support the verdict. We affirm.

On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict. We do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under *Jackson v. Virginia*.[2] The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Citation omitted.) *Green v. State*.[3]

---

[1] OCGA § 16-8-41 (a).
[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] *Green v. State*, 249 Ga. App. 546, 548-549 (1) (547 SE2d 569) (2001).

Viewed in this light, the evidence shows that in the early morning hours of July 20, 2001, DeWayne Watkins and his brother, Michael Johnson, drove Watkins' 2000 Chevrolet Impala to an apartment complex near Covington Highway, where they were meeting two women, and parked the car. When Watkins and Johnson emerged from the car, they were immediately approached by three men, all holding handguns. Both Watkins and Johnson tried to run, but Watkins was caught by two of the men, who robbed him at gunpoint. The men took Watkins' car, his wallet containing cash, his cell phones, a beeper, his shorts, and his sneakers. Because the robbery took place under a street lamp, Watkins could clearly see the two men. After the men finished robbing him, Watkins ran from the scene. The men got into Watkins' car and chased him, firing two shots at Watkins as he ran. Watkins evaded his pursuers and later called the police.

Three weeks later, on August 10, 2001, Watkins was in the parking lot of a Waffle House restaurant on Covington Highway when he saw the stolen Impala pull into the lot. When Watkins looked into the car, he saw two of the men who had robbed him sitting in the front seat. Watkins left the Waffle House and called the police.

The police responded and searched the area, ultimately locating the 2000 Chevrolet Impala at another Waffle House restaurant in the area. When the police located the vehicle, they observed Justice in the driver's seat and Justice's co-defendant, Shannon Robinson, in the passenger seat. Robinson was wearing the sneakers that had been stolen from Watkins.

At trial, Watkins identified both Justice and Robinson as two of the men who had robbed him and as the two men he had seen in his car on August 10. Watkins also identified the sneakers recovered from Robinson as his own.

Justice contends that Watkins gave contradictory testimony concerning the events of the robbery and that Watkins' identification of him as one of the perpetrators was mistaken. At trial, Justice presented a witness who testified that a third party lent Justice the car on the night he was arrested. Justice argues that after Watkins saw Justice in the car on August 10, he assumed that Justice was one of the men who robbed him. Justice argues that Watkins' identification of him should be discounted and that the evidence is insufficient to identify him as one of the perpetrators. We disagree.

The determination of a witness's credibility, including the accuracy of eyewitness identification, is within the exclusive province of the jury. This Court neither weighs the evidence nor determines witness credibility. The jury

resolves any conflicts in the evidence. The testimony of a single witness is generally sufficient to establish a fact.

(Citations and punctuation omitted.) *McDonald v. State.*[4] Here, Watkins' testimony that Justice was one of the men who took the car and other property from him at gunpoint was sufficient to support Justice's armed robbery conviction. Id.

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED NOVEMBER 3, 2003.

*Virginia W. Tinkler,* for appellant.
*J. Tom Morgan, District Attorney, Jeanne M. Canavan, Rosemary W. Brewer, Assistant District Attorneys,* for appellee.

---

[4] *McDonald v. State,* 256 Ga. App. 369, 370 (568 SE2d 588) (2002).