## A05A1349. LUGO v. THE STATE.
### (620 SE2d 591)

MIKELL, Judge.

Margarito Lugo was indicted on one count of child molestation for touching and fondling the breast of his stepdaughter, G. G., a child under the age of sixteen years. A jury convicted Lugo, and the trial court sentenced him to seventeen years, with seven to be served in confinement and the balance on probation. Following the denial of his motion for a new trial, Lugo filed the present appeal in which he challenges the sufficiency of the evidence. We affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.

(Citations and footnotes omitted.) *Sexton v. State,* 268 Ga. App. 736 (1) (603 SE2d 66) (2004). See *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the record demonstrates that Lugo was married to Pura Lugo, the mother of G. G. and D. B. Detective Chris Johnson of the City of Dalton Police Department testified that on May 2, 2003, he received a referral from the Department of Family and Children Services ("DFCS") to investigate an allegation of child abuse. Johnson and Victor Long, a DFCS caseworker, went to the Roan Street School to speak with D. B., who was nine years old at the time. The detective testified that D. B. began to cry when Long asked whether anything had bothered her lately. D. B. told Johnson and Long that sometime around Christmas 2001, she was sleeping on the floor with her mother when she awoke to find Lugo, who had been sleeping in a nearby bed, touching and rubbing her right inner thigh. Johnson demonstrated for the jury where D. B. indicated that Lugo had touched her.[1] Next, D. B. told Johnson and Long that a few weeks before the May 2, 2003, interview, which would have been approximately mid-April, she heard her 12-year-old sister, G. G., screaming. According to Johnson's testimony, D. B. stated that when she walked into G. G.'s bedroom, she witnessed Lugo touching G. G.'s breast.[2]

---

[1] Lugo was not charged with a crime in connection with the allegations involving D. B.; rather, the account was presented as similar transaction evidence against him in the case involving G. G.

[2] Johnson's testimony detailing D. B.'s statement was admitted without objection under

On May 5, 2003, Johnson and Long interviewed the girls' mother, Pura Lugo, at a local child advocacy center. Because Pura did not speak English, her 17-year-old daughter, Maria Pena, interpreted. Johnson and Long learned that Pura was aware of Lugo's alleged abuse of G. G. and D. B.

At trial, Pura testified through an interpreter that when she arrived home from work on April 26, 2003, G. G. told her that Lugo had touched G. G.'s breast earlier that day. According to Pura, when she confronted Lugo, he first denied touching G. G. at all. Pura then admitted that Lugo changed his story and told her that he had hugged G. G. After the state confronted Pura with her May 5 statement to Johnson and Long, Pura acknowledged telling them that Lugo had given a third version of the events in question — that he and G. G. were playing around when he accidentally touched the child.[3] Pura testified that she was also aware of her younger daughter D. B.'s allegation that Lugo had touched her inner thigh while mother and daughter slept, but that Lugo told Pura that he had mistaken nine-year-old D. B.'s thigh for Pura's and believed he was stroking his wife's leg.

On May 5, 2003, G. G. and D. B. were interviewed at the child advocacy center by Anna Headrick, a child interviewer for the district attorney's office. A videotape of the interviews was admitted into evidence and played for the jury. This tape was not included in the record on appeal, nor was a transcript of it. "It is well established that the burden is on the party alleging error to show it by the record and that where the proof necessary for determination of the issues on appeal is omitted from the record, an appellate court must assume that the judgment below was correct and affirm." (Citations and punctuation omitted.) *Adamson v. Sanders*, 279 Ga. 187, 188 (611 SE2d 44) (2005). See also *Okeke v. State,* 272 Ga. App. 529 (613 SE2d 125) (2005). Therefore, we must assume that the evidence adduced by interviewing the child victim of the charged offense in this case, G. G., and the victim of the similar transaction, D. B., supported the jury's verdict. Furthermore, Headrick testified about her interviews with G. G. and D. B. as follows: that G. G. expressly stated that Lugo touched her breast; that when G. G. told Lugo to stop, he responded

---

the Child Hearsay Statute, OCGA § 24-3-16. We need not consider whether the trial court properly admitted Johnson's testimony of D. B.'s description of the incident involving G. G., as Lugo did not object to the testimony and has not raised the issue on appeal. See *Spivey v. State,* 272 Ga. App. 224, 228 (3) (612 SE2d 65) (2005), citing *Woodard v. State*, 269 Ga. 317, 321-323 (3) (496 SE2d 896) (1998) and *Mann v. State*, 259 Ga. App. 553, 554 (2) (578 SE2d 238) (2003).

[3] Pura admitted that she was financially dependent on Lugo and had repeatedly attempted to secure his release on bond.

by saying something to the effect of "you know you like it"; and that D. B. reported that Lugo touched her inner thigh.

The record reveals that Lugo voluntarily spoke to Johnson on May 7, 2003, with Maria acting again as an interpreter. A videotape of that interview was admitted at trial and played for the jury, but neither the tape, nor a transcript, was included in the record on appeal. Thus, we must assume the jury's verdict was supported by that evidence as well. See *Okeke*, supra.

Additional evidence presented at trial included the testimony of Elizabeth Morales, G. G. and D. B.'s cousin, that it was she who reported Lugo's abuse of G. G. to a child abuse hotline after the girls told her that "something happened" but refused to contact the authorities themselves. Another cousin, Juanita Morales, testified that G. G. told her that Lugo had touched her breasts, or "chi-chi's," which Juanita indicated meant "tits."

OCGA § 16-6-4 (a) provides: "A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." We find that the above-summarized evidence provides ample support for the conviction. To the extent that there are conflicts in the evidence, perceived, argued, or otherwise, the law is clear that resolution of such conflicts is within the exclusive province of the jury. *Justice v. State*, 263 Ga. App. 858, 859-860 (589 SE2d 624) (2003).

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 1, 2005.

*Jerry W. Moncus*, for appellant.

*Kermit N. McManus, District Attorney, Stephen E. Spencer, Assistant District Attorney*, for appellee.