## A08A1224. LAMB v. THE STATE.
### (666 SE2d 462)

MIKELL, Judge.

Brady Henry Lamb was convicted of child molestation based on evidence that he fondled the breast of his step-granddaughter, S. B., a child under the age of 16 years. Lamb appeals, challenging the sufficiency of the evidence. We affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[1]

So viewed, the evidence shows that on May 5, 2006, Mitchell County sheriff's investigator Tim Williamson received a report from the Mitchell County Department of Family and Children Services (DFACS) that S. B., who was then 12 years old, had been molested by Lamb. Williamson arranged for the child to be interviewed at the Sunshine Center in Albany. Williamson monitored the interview from an adjacent room but had no contact with the child. During the interview, S. B. stated that on a Sunday night in April 2006, while her grandmother, mother, and sister were all in a bedroom in her grandparents' home, S. B. dozed off in front of the television on the living room sofa and was awakened by someone putting his hand under her shirt and fondling her breasts. It was Lamb.

Angela Wingfield, who interviewed S. B. and was qualified as an expert at trial, testified that S. B. revealed that on one occasion in April on a Sunday night around 9:00 p.m., Lamb touched her on her chest under her clothing, and it made her feel "nasty." Wingfield also testified that S. B. stated Lamb touched her over her clothing on her

---

[1] (Citations omitted.) *Lugo v. State*, 275 Ga. App. 354 (620 SE2d 591) (2005).

buttocks and that he occasionally kissed her on the lips for long periods of time.

S. B., who was 13 years old at the time of trial, testified that Lamb sometimes drove her to school, and when he did, he always made her sit right next to him so that he could rub her legs; that occasionally he would kiss her "long and hard"; that she spent two nights at his house with him and her grandmother, and on one such night, she awoke to Lamb holding her hands, rubbing her thigh, and crying; that on the second night, she took a shower, dozed off on the couch in front of the television, and Lamb crawled over her, got behind her, put his hands under her shirt, and started feeling her breasts; and that she pushed his arm away three times and told him to stop. S. B. told Jenise Dunn, a DFACS worker who had been investigating S. B.'s mother for instability, about the incidents with Lamb.

The state offered similar transaction evidence. S. B.'s aunt, P. B., testified that she was 11 or 12 when her mother married Lamb; that Lamb molested her; that he "grinded" on her, kissed her, and fingered her; and that Lamb made her and his daughter fondle and kiss each other while he played with himself. P. B. tried to report it, but no one listened.

Lamb's daughter, who is P. B.'s stepsister, testified that Lamb began touching her inappropriately when she was six years old; that he kissed her on the lips; that he put his hand around her vagina when they went swimming; and that he always made her sit beside him on trips and would put his hand between her legs.

In asserting that the evidence summarized above is insufficient to support the verdict, Lamb points to his testimony, in which he denied molesting S. B. as well as his daughter and stepdaughter, and to character evidence given by Lamb's wife and other witnesses. Lamb further argues that the conviction cannot stand on the victim's testimony alone. But "[t]he testimony of a single witness is generally sufficient to establish a fact."[2] Additionally, the DFACS investigator and the forensic interviewer testified as to what the victim had told them had occurred, the victim's statements were further corroborated by the sheriff's investigator, and the jury was entitled to consider the victim's out-of-court statements as substantive evidence under the Child Hearsay Statute, OCGA § 24-3-16.[3] The jury also was entitled to consider the similar transaction evidence for the purpose of showing Lamb's course of conduct and bent of mind, as

[2] OCGA § 24-4-8.

[3] See *Manders v. State*, 281 Ga. App. 786, 788 (1) (637 SE2d 460) (2006).

the trial court charged the jury.[4] Finally, the jury was not obligated to credit any defense witness's testimony. "It is the jury's prerogative to choose what evidence to believe and what to reject. Issues regarding the credibility of witnesses are in the sole province of the jury and only the jury may analyze what weight will be given each witness'[s] testimony."[5] Accordingly, we conclude that the evidence was sufficient for any rational trier of fact to have found Lamb guilty of child molestation beyond a reasonable doubt.[6]

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

### DECIDED JULY 25, 2008.

*Ernie M. Sheffield, Richard Parker, for appellant.*
*Joseph K. Mulholland, District Attorney, Charles M. Stines, Assistant District Attorney, for appellee.*

---

[4] See *Chauncey v. State*, 283 Ga. App. 217, 221 (4) (641 SE2d 229) (2007).

[5] (Citation, punctuation and footnote omitted.) *Shorter v. State*, 271 Ga. App. 528, 529 (1) (610 SE2d 162) (2005).

[6] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).