# Court of Appeals
# of the State of Georgia

ATLANTA,    August 09, 2016

*The Court of Appeals hereby passes the following order:*

**A16A2105.  MELVIN WILLIS v. THE STATE.**

Melvin Willis was convicted of armed robbery and sentenced as a recidivist to life imprisonment with the possibility of parole.  The State appealed Willis's sentence, and Willis appealed his conviction.  We affirmed the conviction, but vacated his sentence. *State v. Willis*, 218 Ga. App. 402 (461 SE2d 576) (1995).  We ruled that the version of OCGA § 17-10-7 applicable to his offense required that his sentence not allow the possibility of parole, and we remanded the case to the trial court to resentence Willis accordingly.  Id. at 405 (5).  On remand, the trial court re-sentenced Willis to life in prison without the possibility of parole.

Willis later filed a motion to correct a void sentence, arguing that he had been improperly sentenced as a recidivist.  The trial court denied the motion, and Willis appealed.  We dismissed the appeal, ruling that Willis failed to show that his sentence exceeded the maximum permissible under the law because a trial court may sentence a defendant to life imprisonment for armed robbery regardless of whether the defendant is deemed a recidivist.  See *Willis v. State*, Case No. A08A0284, dismissed October 5, 2007 (citing OCGA § 16-8-41 (b)).

In 2016, Willis filed a "Motion to Set Aside Void Conviction," arguing that he received ineffective assistance of counsel at trial, that the trial court improperly charged the jury, and that the prosecutor committed various errors.  Willis also filed a second "Motion to Correct Void Sentence," arguing that he should not have been sentenced as a recidivist for various reasons.  The trial court denied both motions in two separate orders, and Willis now appeals both orders.  We, however, lack jurisdiction.

With respect to the order denying Willis's motion to set aside his conviction, "[a] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). Any appeal from an order denying or dismissing such a motion must be dismissed. See id. at 218 (2); *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). Accordingly, we lack jurisdiction to consider the trial court's order denying Willis's motion to set aside his conviction.

With respect to the order denying Willis's motion to correct a void sentence, we ruled in the State's appeal from Willis's sentence that Willis was required to be sentenced as a recidivist, that the State had given Willis proper notice of its intent to use his prior convictions against him at sentencing, and that the State had introduced certified records of at least five prior felony convictions at Willis's presentence hearing. *Willis*, 218 Ga. App. at 404 (5). Moreover, we dismissed Willis's subsequent appeal from the trial court's denial of his first motion to correct a void sentence, ruling—in essence—that he had no colorable void-sentence claim because his sentence fell within the permissible statutory range for armed robbery. "It is well established that any issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court and that the law of the case doctrine is not confined to civil cases, but applies also to rulings made by appellate courts in criminal cases." *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) (punctuation and footnote omitted). We have already ruled on the propriety of recidivist sentencing in this case, and Willis "is not entitled to multiple bites at the apple." Id. at 328; see also *Jackson v. State*, 273 Ga. 320 (540 SE2d 612) (2001).

For these reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,*____08/09/2016____
      *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____*Stephen E. Castlen*_____, *Clerk.*