# Court of Appeals
# of the State of Georgia

ATLANTA,__May 08, 2017_____

*The Court of Appeals hereby passes the following order:*

## A17D0404.  MELVIN WILLIS v. THE STATE.

Melvin Willis was convicted of armed robbery and sentenced as a recidivist to life imprisonment with the possibility of parole.  The State appealed Willis's sentence, and Willis appealed his conviction.  We affirmed the conviction, but vacated his sentence. *State v. Willis*, 218 Ga. App. 402 (461 SE2d 576) (1995).  We ruled that the version of OCGA § 17-10-7 applicable to his offense required that his sentence not allow the possibility of parole, and we remanded the case to the trial court to resentence Willis accordingly.  Id. at 405 (5).  On remand, the trial court re-sentenced Willis to life in prison without the possibility of parole.

Willis later filed a motion to correct a void sentence, arguing that he had been improperly sentenced as a recidivist.  The trial court denied the motion, and Willis appealed.  We dismissed the appeal because Willis failed to raise a valid void sentence claim, as life imprisonment for armed robbery is a permissible sentence regardless of whether the defendant is deemed a recidivist.  See *Willis v. State*, Case No. A08A0284, dismissed October 5, 2007 (citing OCGA § 16-8-41 (b)).

In 2016, Willis filed a "Motion to Set Aside Void Conviction," and a second "Motion to Correct Void Sentence," arguing that he should not have been sentenced as a recidivist for various reasons.  The trial court denied both motions in two separate orders, and Willis appealed.  We dismissed the appeal for lack of jurisdiction.  See *Willis v. State*, Case No. A16A2105, dismissed August 9, 2016 .  With regard to Willis's void sentence argument in that case, we noted our ruling that Willis was properly sentenced as a recidivist.  *Willis*, 218 Ga. App. at 404 (5).  We also noted our dismissal of Willis's subsequent appeal from the trial court's denial of

his first motion to correct a void sentence in Case No. A08A0284.

In the instant case, Willis appeals a third time from the denial of yet another motion alleging that his sentence was void. "It is well established that any issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court and that the law of the case doctrine is not confined to civil cases, but applies also to rulings made by appellate courts in criminal cases." *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) (punctuation and footnote omitted). We have already ruled on the propriety of recidivist sentencing in this case, and Willis "is not entitled to multiple bites at the apple." Id. at 328; see also *Jackson v. State*, 273 Ga. 320 (540 SE2d 612) (2001). For these reasons, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* __05/08/2017__
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*



_____ *, Clerk.*