A98A0247. BENEFIELD v. THE STATE.
(497 SE2d 650)

BLACKBURN, Judge.

Richard L. Benefield appeals his convictions of child molestation and aggravated child molestation, contending that he received ineffective assistance of counsel. For the reasons set forth below, we affirm.

"To prove an ineffective assistance of counsel claim, the defendant must show that trial counsel performed deficiently and that the result of the trial would have been different but for the deficiency." *Fargason v. State*, 266 Ga. 463, 465 (4) (467 SE2d 551) (1996). See also *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). "The defendant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct." (Punctuation omitted.) *Cauley v. State*, 203 Ga. App. 299, 301 (2) (416 SE2d 575) (1992). "Review of counsel's performance . . . must be highly deferential; tactical decisions amount to ineffective assistance only if so patently unreasonable that no competent attorney would have chosen them." *Howard v. State*, 220 Ga. App. 267, 271 (4) (469 SE2d 396) (1996). "A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous." *Garrett v. State*, 196 Ga. App. 872, 874 (1) (397 SE2d 205) (1990).

Benefield contends that his trial counsel, Kenneth Krontz, was deficient in failing to call character witnesses. "However, this Court has held that strategic or tactical decisions at trial are the exclusive

province of the lawyer, and decisions concerning whether to call character witnesses and whether to place the defendant's character in issue are matters of strategy or tactics such as do not equate with ineffective assistance of counsel." *Mitchell v. State*, 223 Ga. App. 319, 320 (5) (477 SE2d 612) (1996).

Benefield also contends that Krontz was deficient in failing to present evidence which he claims would have shown that the victim had a motive for fabricating her charges. In particular, Benefield contends that Krontz should have presented evidence that Benefield had been involved in a fight with the victim's father, who had discovered that Benefield was having an affair with the mother. However, Krontz did ask Benefield at trial whether he had had any confrontations with the father, and Benefield testified about the fight. Although Benefield did not testify about his affair with the mother, the decision whether to elicit such testimony is clearly a strategic one, as it reflects on the defendant's character.

Finally, Benefield contends that Krontz failed to spend adequate time preparing for trial. At the motion for new trial hearing, Benefield testified that he met with Krontz for about 30 minutes a couple of weeks after his arraignment, and then met with him again a week or so later for 25-35 minutes. During these meetings, Benefield informed Krontz about the relevant facts, including details regarding his relationship with the victim's mother and his fight with the father. Krontz testified that he had practiced law for 20 years, and had handled over 100 criminal trials, including 20-30 child molestation trials. He testified that he met with Benefield on more than one occasion, and that Benefield agreed with his recommendations about how to defend the case.

"[T]here exists no magic amount of time which a counsel must spend in preparation for trial in order to provide a client with adequate counsel. Each case must be judged upon its own circumstances and in light of its own degree of complexity." *Hand v. State*, 205 Ga. App. 467, 469 (2) (422 SE2d 316) (1992). Benefield has failed to show how the amount of time spent by Krontz on this case was insufficient to enable him to provide adequate representation. Indeed, at the conclusion of the trial, Benefield told the judge that he was satisfied with Krontz's advice and his conduct of the trial. Under the facts of this case, we cannot say that the trial court abused its discretion in finding that Benefield failed to show that counsel's performance was deficient.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED MARCH 10, 1998.

*Word & Simmons, Gerald P. Word*, for appellant.

*Peter J. Skandalakis, District Attorney, Kevin W. Drummond, Assistant District Attorney*, for appellee.