## A05A0552. POWELL v. THE STATE.
(612 SE2d 916)

ELLINGTON, Judge.

A Fulton County jury found James Powell guilty of rape, OCGA § 16-6-1, and sexual battery, OCGA § 16-6-22.1. He appeals from the denial of his motion for new trial, raising the general grounds and claiming he received ineffective assistance of trial counsel. Finding no error, we affirm.

Viewed in the light most favorable to the jury's verdict,[1] the evidence shows the following. During the evening of March 8, 1996, Willie Carson visited the victim, an elderly woman who lived in his neighborhood. Because the victim had trouble walking, Carson checked on her regularly to see that she had food for herself and her pet poodle. On March 8, as Carson was bringing the victim some groceries, another man stepped inside the victim's home and remained near the doorway. Carson had seen the man in the neighborhood before. He did not think the man's presence was unusual because the victim was popular in the community and had many guests. The victim, who was known to be a little forgetful, asked the man who he was. He responded: "You know me," and "Don't you remember Sheila?" Carson gave the victim $10 and then left. At trial, Carson positively identified James Powell as the man who came to the victim's home while he was there.

The victim testified she tried to signal Carson to stay. In fact, she attempted to run outside after Carson left and to shout for help, but Powell grabbed her and dragged her back inside her home. He threw her pet poodle into the kitchen, knocking the animal unconscious. He forced the victim onto her bed, threatened to choke her with her dog's leash, made her undress, and then had vaginal intercourse with her against her will. Later, Powell forced the victim off the bed and onto her knees and, according to the victim, had anal intercourse with her. After sexually abusing the victim, he took the $10 Carson had given

---

[1] *Jackson v. Virginia,* 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

her and left. The victim immediately ran for help, making an outcry of rape to a friend of hers who in turn called the police. The victim told her friend that her attacker was a man from the neighborhood who used to "go with" Sheila. Based on the victim's description, the friend told the victim that the man's name was James Powell. The friend led the police to Powell, who was arrested outside a nearby store the following day.

Although the victim testified that Powell was the man who raped her, the transcript reveals that she did not appear to recognize his face at trial. In fact, when the prosecutor asked the victim if she saw the defendant in the courtroom, she responded: "Is he in here?" It was only after the prosecutor said, "Can you see over here at this table?" that the victim focused on the defendant. Even then, she only said that Powell "looks like" her rapist.

A medical doctor testified the victim suffered disclamation, a vaginal injury caused by penetration with some force. The victim's knees were also scraped and bruised. Although the victim's report of the assault to her doctor was for the most part consistent with her trial testimony, she denied that the rapist had committed an act of anal intercourse. The doctor testified that she did a cursory, exterior examination of the victim's rectum and saw no evidence of trauma. The doctor also testified that the elderly victim was forgetful and had difficulty verbalizing the details of the assault. Although the doctor gathered evidence for a rape kit, the rape kit was destroyed prior to trial.

Finally, the State presented the testimony of Powell's wife. She testified that on the evening of the rape, Powell ran home smelling of alcohol and "talking rough." He was agitated and wanted to get inside the house "fast, fast, fast," but the wife refused to admit him. Fifteen minutes later, the police came by looking for Powell.

1. Powell contends the State failed to prove beyond a reasonable doubt that he committed rape and sexual battery because the evidence did not sufficiently identify him as the perpetrator. Pretermitting whether the victim's testimony, standing alone, was sufficient to identify Powell as her attacker, her testimony established that she was raped by the man who entered her home while Carson was visiting. That fact is undisputed. Carson positively identified Powell as the man he saw enter the victim's home while he was visiting. A jury would be authorized to conclude that the man Carson positively identified was the same man who raped the victim. We find the evidence adduced sufficient to support Powell's convictions for rape and sexual battery beyond a reasonable doubt. See *Walker v. State*, 157 Ga. App. 728, 728-730 (1) (278 SE2d 487) (1981) (evidence other than the victim's identification of her attacker, including circumstantial evidence, may sustain a conviction for rape).

2. Powell argues he is entitled to a new trial because he received ineffective assistance of trial counsel. He contends his attorney failed to object to leading questions, to certain hearsay and opinion testimony, and to a tainted in-court identification. To prevail on a claim of ineffective assistance of counsel, an appellant must show both that counsel's performance was deficient and that but for this deficiency, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SC 2052, 80 LE2d 674) (1984). Failure to satisfy either prong of the *Strickland* standard is fatal to an ineffective assistance claim. *Brewer v. State*, 224 Ga. App. 656, 657-658 (2) (481 SE2d 608) (1997). In evaluating an attorney's performance, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Rucker v. State*, 271 Ga. 426, 427 (520 SE2d 693) (1999). We will not reverse on the basis of ineffective assistance of counsel unless trial counsel's conduct so undermined the proper functioning of the adversarial process that the trial court could not reliably have produced a just result. *Glass v. State*, 255 Ga. App. 390, 401 (10) (565 SE2d 500) (2002). "The trial court's determination with respect to effective assistance of counsel will be affirmed unless the trial court's findings are clearly erroneous." (Citation omitted.) *Chapman v. State*, 273 Ga. 348, 350 (2) (541 SE2d 634) (2001).

Before addressing Powell's specific claims of ineffective assistance, we note the State indicted Powell for rape, aggravated sodomy, and robbery. The jury acquitted Powell of the aggravated sodomy and robbery felonies. "This circumstance strongly supports the conclusion that the assistance actually rendered by defendant's trial counsel fell within that broad range of reasonably effective assistance which members of the bar in good standing are presumed to render." (Citations omitted.) *Green v. State*, 218 Ga. App. 648, 651 (3) (a) (463 SE2d 133) (1995). Our review of the record also reveals that counsel tested the State's evidence thoroughly, challenging the witnesses' recollections and calling into question the investigating officers' failure to take certain statements, to conduct a lineup, or to preserve the rape kit. Counsel also objected to the jury charges and moved for a directed verdict.

(a) Powell contends his attorney allowed the prosecutor to "elicit extensive hearsay" regarding what the victim told her friend about the rape. Powell does not identify in his brief the specific statements he contends constitute hearsay. We reviewed the portion of the transcript to which Powell cited and found a hearsay objection, which the trial court sustained in part. The trial court permitted the victim's outcry witness to testify about what the victim said because those statements were made immediately after the rape and, therefore, constituted admissible res gestae evidence. OCGA § 24-3-3; *Tucker v.*

*State*, 243 Ga. 683, 684 (3) (256 SE2d 365) (1979). Based on our review of the record, we find Powell has not demonstrated that trial counsel's performance was deficient in this regard.

(b) Powell contends his attorney should have more vigorously objected to the victim's in-court identification of him. He argues it was tainted by the prosecutor's attempt to direct the victim's attention to the defense table and an impermissibly suggestive "showup" identification made by the victim during a preliminary hearing in city court.

The record reveals that trial counsel objected to the prosecutor's leading questions just before the victim said Powell looked like the man who raped her. The colloquy the State contends followed that objection is not a part of the record. Although the trial court took no action on the objection, it is patent from the record that the victim was confused. Also, with respect to the city court preliminary hearing identification, counsel pointed out to the jury on cross-examination that Powell was the only defendant in court that day. The trial transcript and the hearing on Powell's motion for new trial reveals that it was counsel's trial strategy to show that the victim had a poor memory, that she was easily confused and misled, and that she only formed an opinion as to her rapist's identity after her friend told her who raped her. Trial counsel argued this in closing. And as he explained during the motion for new trial hearing, the victim's "identification was tainted [by her friend's statements]" and any subsequent identification was the result of that original taint. Showing this was his focus, and it was more important to him than belaboring the issue of the victim's in-court identification. Given the record in this case, we cannot say that counsel's trial strategy was unreasonable. Consequently, Powell has not carried his burden of demonstrating that counsel's performance was deficient in this regard. See *Benefield v. State*, 231 Ga. App. 80 (497 SE2d 650) (1998) ("Review of counsel's performance must be highly deferential; tactical decisions amount to ineffective assistance only if so patently unreasonable that no competent attorney would have chosen them.") (citation and punctuation omitted).

(c) Powell contends his attorney's performance was deficient because he failed to object to the opinion testimony of two witnesses. The State elicited testimony from witnesses who opined that they believed the victim was being truthful about the fact that she had been raped. Although witness credibility is clearly a matter for the jury alone to determine, OCGA § 24-9-80, the law does not mandate that trial counsel object when the prosecutor poses a question that allegedly violates that rule. "It is well established that the decision of whether to interpose certain objections is a matter of trial strategy

and tactics." (Footnote omitted.) *Gosnell v. State*, 247 Ga. App. 508, 511 (3) (544 SE2d 477) (2001).

In this case, Powell's primary and strongest defense was mistaken identity, not whether the victim had been raped. Given that witness testimony established that the well-liked, elderly victim suffered vaginal trauma consistent with sexual intercourse, vigorously attacking the question of whether she had been raped would have been inconsistent with counsel's trial strategy and may have alienated the jury. As counsel argued in closing: "Something happened to [the victim], I do not deny that. Do not get that idea in your head. . . . She is a very sweet lady, a very kind lady. But more importantly, she is very easily led, or misled." Consequently, if counsel had objected to the witnesses' opinions as to the victim's belief that she had been raped, he risked the appearance of calling a kindly, elderly rape victim a liar. Given the facts of this case, we cannot say that counsel's failure to object was unreasonable. Therefore, Powell has not carried his burden of demonstrating that counsel's performance was deficient in this regard. See *Benefield v. State*, 231 Ga. App. 80. Moreover, even if we were to assume the failure to object was deficient performance, Powell has not shown how, in light of the medical evidence consistent with rape, the admitted opinion testimony "so undermined the proper functioning of the adversarial process that the trial could not reliably have produced a just result." (Footnote omitted.) *Glass v. State*, 255 Ga. App. at 401 (10).

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED MARCH 31, 2005.

*Sharon L. Hopkins*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Alvera A. Wheeler, Assistant District Attorneys*, for appellee.