## S05A1624. McDANIEL v. THE STATE.
(621 SE2d 424)

CARLEY, Justice.

A jury found Leroy McDaniel guilty of felony murder of Gregory Thompson during the commission of aggravated assault. He appeals from the judgment of conviction and life sentence entered on the jury's guilty verdict.[1]

1. The State's evidence showed that a verbal altercation escalated into a physical confrontation, which eventually ended in the fatal stabbing of the victim. Eyewitnesses testified that they saw McDaniel swinging a knife. The prosecution's expert testified that Thompson died from a stab wound to the chest. McDaniel admitted that he was present and participated in the confrontation, but he denied that he had a knife or that he was responsible for the death. When construed most strongly in support of the jury's verdict, the evidence is sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt that McDaniel was guilty of felony murder during the commission of aggravated assault. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. After conducting a hearing, the trial court found that trial counsel provided McDaniel with an effective defense. He enumerates that ruling as error.

The record shows that McDaniel was represented by two lawyers who were retained by his family to defend him against all charges. To prevail on an ineffectiveness claim, he was required to show both a deficient performance on the part of his trial counsel and prejudice to his defense resulting from that deficiency. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). In making that showing, McDaniel had to produce sufficient evidence to rebut the strong presumption that his attorneys provided him with effective representation. *Flanigan v. State*, 269 Ga. 160, 162-163 (2) (496 SE2d 255) (1998). Both of McDaniel's trial lawyers testified as to their extensive preparation and the thoroughness of their defense of the case. *Riley v. State*, 268 Ga. 640, 641 (2) (a) (491 SE2d 802) (1997). Having heard all of the evidence, including testimony from McDaniel, the trial court found that his constitutional right to effective counsel was not violated. "We must accept the trial court's factual findings

---

[1] The original appeal was filed by trial counsel, but, when McDaniel timely raised the issue of his attorneys' effectiveness, this Court struck the appeal from its docket and remanded the case to the trial court for a hearing on that claim. See *McCulley v. State*, 273 Ga. 40, 44 (4) (537 SE2d 340) (2000); *Smith v. State*, 255 Ga. 654, 656 (3) (341 SE2d 5) (1986). Pursuant to our direction, the trial court conducted a hearing on March 14, 2003 and, on April 8, 2003, it entered the order finding no merit in the ineffectiveness claim. On April 17, 2003, McDaniel filed a notice of appeal. The case was docketed in this Court on June 22, 2005, and the appeal was submitted for decision on August 15, 2005.

and credibility determinations unless they are clearly erroneous, but we apply the appropriate legal principles to the facts independently. [Cit.]" *Silvers v. State*, 278 Ga. 45, 46 (2) (597 SE2d 373) (2004).

(a) The State offered McDaniel the opportunity to plead guilty to voluntary manslaughter, which he rejected. He contends that he would have accepted that offer had his lawyers not failed to explain to him that life imprisonment was not a possible sentence for the lesser offense. However, this was contradicted by his attorneys, one of whom testified that he "[m]ost definitely" discussed the offer with his client and that "every plea offer was conveyed." The other lawyer testified that she "counseled [McDaniel] with the propriety or impropriety of accepting" the offer and that he rejected it "knowing the pitfalls and possibilities that he might be convicted if he went to trial." The trial court was authorized to believe counsel's testimony over his. *Curry v. State*, 238 Ga. App. 511, 522 (5) (b) (519 SE2d 269) (1999).

Moreover, McDaniel's own assertions regarding the plea bargain were not consistent. At the hearing on effectiveness, he continued to maintain his total innocence, and, on cross-examination, he acknowledged that he had not been "willing to enter a guilty plea to anything that would pin the death of [Thompson] on [him] . . . [i]ncluding voluntary manslaughter." This testimony "supports a finding, implicit in the trial court's ruling, that counsel's [alleged] unprofessional error did *not* affect the result." (Emphasis in original.) *Lloyd v. State*, 258 Ga. 645, 649 (2) (b) (373 SE2d 1) (1988). See also *Curry v. State*, supra.

(b) McDaniel contends that counsel failed to inform him of the right to remain silent and forced him to testify even though he was unprepared to do so. However, this is refuted by their testimony to the contrary. Moreover, he did not attempt to show how his trial testimony, which was exculpatory, had a prejudicial impact on the final outcome. *Turpin v. Curtis*, 278 Ga. 698, 699 (1) (606 SE2d 244) (2004).

(c) The failure to hire a defense expert to challenge the victim's cause of death is cited as an instance of deficient performance. However, this assertion rests on mere speculation, since McDaniel did not produce an expert at the hearing to show the existence of any dispute that, as the State's expert had testified at trial, Thompson died from a stab wound to the chest. Where, as here, the defendant fails to proffer the testimony of an uncalled witness, he cannot prove that there is a reasonable probability that the trial would have ended differently. *Roberts v. State*, 263 Ga. 807, 808 (2) (b) (439 SE2d 911) (1994).

The defense which counsel did pursue was that someone other than McDaniel stabbed the victim and, insofar as the manner of

death is concerned, the trial court was authorized to find that reliance on cross-examination of the State's expert was a reasonable tactical decision.

" 'The decisions on which witnesses to call, whether and how to conduct cross examinations, . . . and all other strategies and tactical decisions are the exclusive province of the lawyer after consultation with his client.' [Cits.]" [Cit.]

*Austin v. Carter*, 248 Ga. 775, 779 (2) (c) (285 SE2d 542) (1982).

(d) McDaniel contends that the pre-trial interview tapes of two of the State's eyewitnesses should have been played, because what they said at that time could have been inconsistent with and, therefore, impeaching of their trial testimony. Again, however, he did not attempt to show what the tapes contained or whether they were, in fact, impeaching of the witnesses. Thus, he failed to show that the failure to play the tapes constituted ineffectiveness which prejudiced his defense. *Roberts v. State*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 24, 2005.

*Melinda Ryals*, for appellant.

*Catherine H. Helms, District Attorney, Thurbert E. Baker, Attorney General, Chad E. Jacobs, Assistant Attorney General*, for appellee.