## S06A1459. McNEAL v. THE STATE.
(637 SE2d 375)

SEARS, Chief Justice.

The appellant, Robert McNeal, appeals from his convictions for felony murder stemming from the shooting death of Carl Lamb, as well as from his conviction for the possession of a firearm during the commission of a crime.[1] On appeal, McNeal contends, among other things, that the evidence is insufficient to support his conviction for felony murder and that he received ineffective assistance of counsel. For the following reasons, we find no merit to these contentions and affirm.

1. Viewing the evidence in the light most favorable to the verdict, we conclude that it was sufficient for a rational trier of fact to find beyond a reasonable doubt that McNeal shot the unarmed victim to get him out of his van after a failed attempt to purchase cocaine and to reject his claim of self-defense. Accordingly, we conclude that the evidence is sufficient to support McNeal's convictions.[2]

---

[1] The crimes occurred on July 30, 2002, and McNeal was indicted on October 29, 2002, for felony murder, with the underlying felony being the criminal attempt to possess cocaine, and for the possession of a firearm during the commission of a crime. On October 4, 2004, a jury found McNeal guilty of both crimes, and on November 22, 2004, the trial court sentenced McNeal to life in prison for the felony murder conviction and to five consecutive years in prison for the possession offense. On December 20, 2004, McNeal filed a motion for new trial, and on January 9, 2006, McNeal filed an amended motion for new trial. On January 31, 2006, the trial court denied McNeal's motion for new trial, as amended, and on February 27, 2006, McNeal filed a notice of appeal. On May 3, 2006, the appeal was docketed in this court, and McNeal subsequently submitted the case for decision on briefs.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. McNeal contends that he received ineffective assistance of counsel. We disagree.

To prevail on his claim of ineffective assistance, McNeal has the burden to prove that counsel provided deficient performance and that, but for that deficient performance, there is a reasonable probability that the outcome of the trial would have been different.[3] Moreover, "[i]n ruling on an ineffectiveness claim, this Court need not analyze the deficient performance prong if the Court determines the prejudice prong has not been satisfied."[4]

As for McNeal's claim that trial counsel provided deficient performance by failing to call certain witnesses at trial, McNeal offered only his hearsay statements about the testimony that he expected the missing witnesses would have given at trial. This hearsay evidence is insufficient to show that there is a reasonable probability that these witnesses' testimony would have changed the outcome of his trial.[5] Accordingly, McNeal has failed to prove that his defense was prejudiced by trial counsel's failure to locate these alleged witnesses.[6]

McNeal's remaining allegations of ineffective assistance concern the State's grant of immunity to a witness.[7] McNeal, however, did not raise these allegations of ineffectiveness in his motion for new trial or at the hearing on his motion for new trial. Accordingly, he is procedurally barred from raising them on appeal.[8]

3. McNeal contends that the State failed to comply with discovery requirements by not disclosing to the defense before trial the existence of a videotape of the crime scene and an audiotaped statement of a State's witness. McNeal therefore contends that the videotape and audiotape should not have been admitted into evidence. We find no error.

As for the audiotape, McNeal failed to object to the tape's admission at trial on the ground that the State failed to comply with discovery requirements and thus is procedurally barred from raising this issue on appeal.[9] In any event, the record discloses that, during trial, the State made McNeal a copy of the audiotape, and permitted him to listen to it during an overnight recess in the trial. Moreover, the next day, the State did not play the tape, but had the investigator who conducted the taped interview testify only about the parts of the

---

[3] *Fortson v. State*, 280 Ga. 435, 436 (629 SE2d 798) (2006).

[4] Id.

[5] *Dickens v. State*, 280 Ga. 320, 323 (627 SE2d 587) (2006).

[6] Id.

[7] See OCGA § 24-9-28.

[8] *Lynch v. State*, 280 Ga. 887 (635 SE2d 140) (2006); *Spear v. State*, 270 Ga. 628, 632 (513 SE2d 489) (1999).

[9] *Adkins v. State*, 280 Ga. 761, 763 (632 SE2d 650) (2006).

witness's statement that were inconsistent with his trial testimony. For these reasons, even if McNeal's counsel had objected to the audiotape, the trial court would not have erred in permitting it to be played at trial.[10]

As for the videotape of the crime scene, McNeal provides no argument or citation of authority regarding it in his brief. The issue is therefore considered to be abandoned under Supreme Court Rule 22.[11]

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 16, 2006 —
RECONSIDERATION DENIED DECEMBER 15, 2006.

*Susan A. Welch,* for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Benjamin H. Pierman, Assistant Attorney General,* for appellee.

---

[10] See OCGA § 17-16-6; *Ehle v. State,* 275 Ga. 560, 564 (570 SE2d 284) (2002).

[11] See *Marks v. State,* 280 Ga. 70, 75 (623 SE2d 504) (2005).