A07A1850. CLARKE v. THE STATE.
(651 SE2d 525)

JOHNSON, Presiding Judge.

Following a bench trial, the trial judge found Richard Clarke guilty of burglary. Clarke appeals, alleging the trial court erred in failing to grant his motion for new trial based on the state's failure to show that he made a knowing, intelligent and voluntary waiver of his right to a jury trial. We find no error and affirm Clarke's conviction.

When a defendant waives his right to a jury trial, there is no requirement that he do so in any particular form, but it is the better practice for the trial court to make an inquiry of the defendant in

order to prevent any later question about the waiver.[1] Here, the trial court did make such an inquiry prior to the bench trial:

> THE COURT: All right, let me — I want to develop further on the record that Mr. Swingle, you have discussed with Mr. Clarke his right to have the matter tried by a jury.
> MR. SWINGLE: Yes, sir.
> THE COURT: And are you satisfied that he's fully aware of the rights that he is relinquishing by electing to have this matter —
> MR. SWINGLE: Yes, sir.
> THE COURT: — tried by the Court?
> MR. SWINGLE: Yes, sir.
> THE COURT: All right. Mr. Clarke, you are in agreement and have had adequate time to talk with Mr. Swingle about that, right?
> THE DEFENDANT: Yes, sir.
> THE COURT: All right. I'm going to find that your decision to have the case tried by the Court is knowingly and voluntarily made with an awareness of the rights and we will [begin] then the trial of this case on the indictment handed down.

In addition, Clarke also admitted at the hearing on his motion for new trial that he remembered discussing his rights and the waiver thereof with the trial judge. At no point did Clarke allege any unauthorized waiver of the jury trial by his counsel.

While Clarke contends that his trial attorney already had the bench trial scheduled before he spoke with Clarke, Clarke admits that he did not object to having the bench trial. In fact, Clarke testified about the various considerations taken into account when deciding whether to proceed with the bench trial. Trial counsel also testified at the motion for new trial hearing that he discussed with Clarke the many factors to be taken into account in making the decision, including Clarke's criminal record, the findings of the trial court at the revocation hearing, the plea offers which had been extended by the state, and counsel's own, experienced opinions. Trial counsel further testified that Clarke agreed with the decision to waive the jury trial.

In the present case, the state met its burden of proving a knowing and voluntary waiver of a jury trial by showing on the record prior to the bench trial that Clarke was cognizant of the right being waived

---

[1] See *Whitaker v. State*, 244 Ga. App. 241, 244 (4) (535 SE2d 283) (2000).

and by supplementing this evidence with extrinsic evidence in the form of testimony by both trial counsel and Clarke.[2] The trial court did not err in denying Clarke's motion for new trial on this ground.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED SEPTEMBER 5, 2007.

*Vicki E. Carter,* for appellant.

*Kenneth W. Mauldin, District Attorney, C. Rebecca Smith, Assistant District Attorney,* for appellee.

[2] See *Roberts v. Greenway,* 233 Ga. 473, 475 (1) (211 SE2d 764) (1975).