A07A2325. HABERSHAM v. THE STATE.
(658 SE2d 253)

PHIPPS, Judge.

On appeal from his conviction for drug possession and other crimes, Thomas Habersham argues that the trial court erred when it admitted similar transaction evidence and when it refused to allow him to speak during sentencing. Habersham also argues that trial counsel was ineffective. We find no error and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence.[1] We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[2]

So viewed, the evidence shows that on June 7, 2005, police monitored a telephone conversation setting up a controlled buy in which a person driving a beige car containing a female passenger would arrive at a residence and sell a confidential informant $20 worth of marijuana. As police watched from outside and hid themselves inside the house, the described car arrived and Habersham got out. As he entered the house, he saw a uniformed officer hiding inside, said, "Hey, who's that?" and tried to leave. After a scuffle, Habersham was arrested on the porch. The police then saw Habersham attempting to reach for a pocket. When they searched the pocket, they found a gray pouch containing numerous small red bags of marijuana as well as one medium-sized bag of cocaine. At trial, Habersham admitted to possession of the marijuana but insisted that the officers had taken it and put it with the cocaine in the gray pouch. Three officers participating in the arrest denied that the cocaine and the pouch had been planted.

---

[1] *Reese v. State,* 270 Ga. App. 522, 523 (607 SE2d 165) (2004).
[2] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The jury found Habersham guilty of possession of cocaine, possession of marijuana with intent to distribute, and use of a communication facility to commit a drug felony. Habersham's motion for new trial was denied.

1. The evidence outlined above was sufficient to sustain Habersham's conviction.[3]

2. Habersham argues that the trial court erred when it admitted a 1999 conviction for possession of cocaine with intent to distribute and a 2001 conviction for sale of cocaine because the state gave him only five days notice of its intent to use these similar transactions rather than the ten days specified in Uniform Superior Court Rule 31.1.[4] Specifically, Habersham asserts that an "obscure" misdemeanor conviction for giving a false name was attached to the second of the convictions, and that he did not have sufficient time to find this misdemeanor conviction, which was later used to impeach him. We disagree.

Uniform Superior Court Rule 31.1 provides that similar transaction notices must be filed at least ten days before trial unless that time is shortened or lengthened by the judge. Under this rule, the judge has the discretion to admit similar transaction evidence without the requisite ten-day notice, and this Court will not interfere with such discretion absent abuse.[5]

The record shows that the state served Habersham with notice of its intent to introduce the similar transactions eight rather than ten days before trial. The trial court found that the principal witnesses in each case were identified and readily available before trial, and also offered Habersham the opportunity to interview both witnesses. Under these circumstances, we cannot say that the trial court erred when it admitted the similar transaction evidence, including the misdemeanor conviction.[6]

3. Habersham also argues that the trial court denied his right to speak at sentencing. We disagree.

---

[3] See OCGA §§ 16-13-30 (b) (possession of controlled substances), 16-13-30 (j) (possession of marijuana with intent to distribute), 16-13-32.3 (use of a communication facility in the commission of a drug felony).

[4] Despite the trial court's finding and Habersham's apparent concession that he failed to renew his objection at trial, we read the record as preserving Habersham's objection to the admission of this similar transaction evidence on grounds of untimeliness.

[5] *Felder v. State*, 286 Ga. App. 271, 273 (2) (a) (648 SE2d 753) (2007) (citation omitted).

[6] Id. at 273-274; see also *Burgess v. State*, 264 Ga. 777, 784-785 (19) (450 SE2d 680) (1994) (admission without notice of evidence concerning sexual assault was not reversible error where admitted "as part of the events involved in the prior similar [transaction]").

OCGA § 17-10-2 (a) (1) provides that after a guilty verdict in a felony case, the trial court

> shall conduct a presentence hearing at which the only issue shall be the determination of punishment to be imposed. In the hearing the judge shall hear additional evidence in extenuation, mitigation, and aggravation of punishment, including the record of any prior criminal convictions and pleas of guilty or nolo contendere of the defendant, or the absence of any prior conviction and pleas.

As we pointed out in *Blue v. State*,[7] the statute also provides that "the defendant *or* the defendant's counsel" shall present argument to the trial judge regarding punishment.[8]

The record here shows that at the sentencing hearing, at which Habersham appeared with counsel, the trial court inquired whether Habersham would submit any evidence. Counsel responded, "No." The trial court again asked whether Habersham would present "argument only," and counsel replied, "Just argument only." At the conclusion of argument, the trial court asked Habersham to rise in order to receive his sentence. At this moment, Habersham asked permission to speak. The trial court responded that because counsel had indicated that no evidence would be presented, "[counsel] makes the argument for you."

When Habersham's counsel spoke on Habersham's behalf at the sentencing hearing, the requirements of OCGA § 17-10-2 were met.[9] The trial court did not violate Habersham's right of allocution when it instructed Habersham not to interrupt its pronouncement of sentence.[10]

4. Habersham also argues that trial counsel was ineffective when he (a) failed to object to the admission of the 2001 conviction for giving a false name, (b) failed to call potential witnesses, (c) failed to emphasize at sentencing that Habersham was convicted only on the lesser included offense of possession of cocaine, and (d) failed to object to a narcotics officer's qualification as an expert and to his testimony. We disagree.

To show ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient

---

[7] 275 Ga. App. 671 (621 SE2d 616) (2005).

[8] Id. at 675 (3), citing OCGA § 17-10-2 (a) (2) (punctuation omitted).

[9] *Blue*, supra; see also *Guyton v. State*, 281 Ga. 789, 794-795 (10) (e) (642 SE2d 67) (2007).

[10] *Guyton*, supra.

performance prejudiced the defense.[11] The question of ineffectiveness is a mixed one of both law and fact: "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[12]

(a) As Habersham acknowledges, his act of taking the stand in his own defense made his 2001 conviction for giving false information admissible for purposes of impeachment.[13] OCGA § 24-9-84.1 does not require the trial court to balance the probative value of such evidence against any prejudicial effect.[14] It follows that counsel did not perform deficiently when he failed to make a meritless objection to this evidence.[15]

(b) At the hearing on his motion for new trial, Habersham failed to proffer evidence from the female car passenger or the confidential informant. In the absence of such a proffer, Habersham cannot show a reasonable probability that the jury would have reached a different result after hearing from these witnesses.[16]

(c) As the trial court later noted, it was well aware that Habersham had been convicted of simple cocaine possession and not of possession with intent to distribute. We cannot say that trial counsel was deficient for failing to state (or restate) the obvious at sentencing.[17]

(d) At trial, a narcotics officer testified as to the appearance of cocaine addicts and to his judgment that Habersham, not appearing to be such, was likely a dealer rather than a consumer of the drug. At the hearing on the motion for new trial, counsel testified that although he considered the testimony prejudicial, he did not think that an objection to it would have been sustained. Habersham was acquitted of possession of cocaine with intent to distribute. Pretermitting whether counsel was deficient when he failed to object, Habersham cannot show a reasonable likelihood that the result of his trial would have been different when counsel was not deficient in any other way

---

[11] *Suggs v. State*, 272 Ga. 85, 87-88 (4) (526 SE2d 347) (2000), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[12] *Suggs*, supra (footnote omitted).

[13] See OCGA § 24-9-84.1 (a) (3), (b) (authorizing admission of convictions ten years old or less for crimes involving dishonesty or making a false statement).

[14] See id. (requiring weighing of probative value against prejudicial effect only where prior conviction was more than ten years old).

[15] See *Woods v. State*, 271 Ga. 452, 454 (2) (c) (519 SE2d 918) (1999).

[16] See *Herrington v. State*, 285 Ga. App. 4, 5 (a) (645 SE2d 29) (2007) (without potential witness's testimony or "a legally acceptable substitute" for it, defendant cannot show a reasonable probability that outcome of trial would have been different).

[17] See *Griffith v. State*, 286 Ga. App. 859, 866-868 (9), (10) (h) (650 SE2d 413) (2007) (counsel was not ineffective for failing to point out at sentencing hearing that pending charges did not amount to convictions).

and when the jury acquitted Habersham of the charge to which the arguably objectionable testimony was most relevant.[18]

The trial court did not err when it found that Habersham's trial counsel had not been ineffective and when it denied Habersham's motion for new trial.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 22, 2008.

*Davis Cohen*, for appellant.
*Spencer Lawton, Jr., District Attorney, Ian R. Heap, Jr., Assistant District Attorney*, for appellee.

---

[18] See *Powell v. State*, 272 Ga. App. 628, 630 (2) (612 SE2d 916) (2005) (defendant's partial acquittal "strongly supports the conclusion that the assistance actually rendered by defendant's trial counsel fell within [the] broad range of reasonably effective assistance") (citation and punctuation omitted).
[1] *Garrison v. State*, 273 Ga. App. 446 (615 SE2d 253) (2005).
[2] Id.