For the foregoing reasons, we find no error in the orders appealed.[16]

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED APRIL 7, 2008 —
RECONSIDERATION DENIED MAY 30, 2008 

Carol A. Ervin, *pro se.*
Bobby J. Brown, Sr., *pro se.*
Sherman Outler, *pro se.*
*James, Bates, Pope & Spivey, G. Grant Greenwood, S. Ralph Martin, Jr., Thomas C. James III,* for appellees.

A08A0150. SMITH v. THE STATE.
(662 SE2d 817)

BERNES, Judge.

Following a bench trial, Zatorian Smith appeals his conviction of voluntary manslaughter, arguing that the evidence was insufficient to support his conviction. He also contends that his trial counsel rendered ineffective assistance by advising him to waive his right to a jury trial and that the trial court erred in allowing a bench trial over the state's objection. We find no error and affirm.

---

[14] (Citations and punctuation omitted.) *Sam's Wholesale Club v. Riley*, 241 Ga. App. 693 (527 SE2d 293) (1999).

[15] *McDilda v. Norman W. Fries, Inc.*, 278 Ga. App. 51 (628 SE2d 195) (2006) ("[o]n appeal, a trial court's factual findings in a bench trial must be deferred to when supported by any evidence") (citation omitted).

[16] Plaintiffs' and Turner's motions for frivolous appeal sanctions are denied in all cases.

"On appeal from a criminal conviction after a bench trial, we view the evidence with all inferences in favor of the factfinder's conclusion, giving due regard to the trial court's opportunity to judge witness credibility." (Punctuation and footnote omitted.) *Williams v. State*, 287 Ga. App. 40, 41 (1) (651 SE2d 347) (2007). So viewed, the evidence showed that in the early morning hours of June 28, 2002, Smith, who went by the street name "Dee," responded to a call from Annie Loundy, his cousin's girlfriend. Loundy was upset because when she returned home from work, two men, one of whom was the victim, had followed her into her home and sexually harassed her. She managed to get away, but also realized that clothing and other personal effects had been stolen from her home. Shortly after Smith arrived at Loundy's house, they saw the victim walking up the street wearing some of Loundy's stolen clothing. A heated confrontation ensued, and Smith fatally shot the unarmed victim in the abdomen. Loundy and Smith left the scene in Smith's vehicle and went to Smith's apartment. An eyewitness to the confrontation and shooting later identified the shooter as "Dee."

The eyewitness also gave police information which led the investigating officers to Loundy, who identified Smith as the shooter. The officers subsequently obtained a search warrant for Smith's apartment and during its execution, found a 95-grain .38 caliber Winchester silver tip hollow point bullet, the same type bullet as that removed from the victim's body. That particular kind of bullet was not in stores or available for purchase at the time of the shooting because Winchester had ceased manufacturing them in 1998.

Smith was arrested and charged with murder, felony murder, and aggravated assault with a deadly weapon. Following the bench trial, the trial court convicted Smith on the lesser included offense of voluntary manslaughter and merged the remaining counts. This appeal followed.

1. The evidence presented at trial was sufficient to sustain Smith's conviction of voluntary manslaughter. See OCGA § 16-5-2 (a).[1] Although Smith points to inconsistencies in Loundy's testimony and asserts that the eyewitness was not credible because of his admitted drug use, questions of witness credibility are for the trial court and we will not reweigh the evidence on appeal. *O'Connor v.*

---

[1] One commits the crime of voluntary manslaughter "when he causes the death of another human being under circumstances which would otherwise be murder and if he acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person." OCGA § 16-5-2 (a). During closing argument, Smith's trial counsel requested that the trial court consider the lesser offense of voluntary manslaughter.

*State*, 255 Ga. App. 893, 894-895 (1) (567 SE2d 29) (2002); *Aikens v. State*, 194 Ga. App. 195, 196 (1) (390 SE2d 102) (1990).

2. Smith next argues that his trial counsel rendered ineffective assistance by advising him to waive his right to a jury trial.

> To prevail on a claim of ineffective assistance, appellant must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different.

(Citation and punctuation omitted.) *Nelson v. State*, 283 Ga. 119, 121 (2) (657 SE2d 201) (2008). "As a general rule, . . . trial counsel's decision to recommend a bench trial is a strategic and tactical decision" that does not amount to ineffective assistance unless objectively unreasonable. *Wafford v. State*, 283 Ga. App. 154, 157 (2) (640 SE2d 727) (2007).

Although Smith's trial counsel did not testify at the motion for new trial hearing, Smith testified that his counsel was of the belief that a jury would not look favorably upon this seemingly senseless killing. She therefore recommended a bench trial because she believed that a judge, having likely been exposed to cases involving similar violence, may be somewhat desensitized and would thus tend to be more lenient. Smith's testimony makes clear that his attorney's recommendation that he proceed with a bench trial constituted reasonable trial strategy. See *Head v. Thomason*, 276 Ga. 434, 439 (4) (578 SE2d 426) (2003). Cf. *Chapman v. State*, 273 Ga. 348, 350-351 (2) (541 SE2d 634) (2001).

Moreover, the colloquy between the trial court and Smith prior to the trial and Smith's testimony at the new trial hearing illustrates that Smith was informed that the decision of whether to waive his right to trial by jury rested with him and that he thereafter knowingly and personally waived that right. See *Clarke v. State*, 287 Ga. App. 424, 425-426 (651 SE2d 525) (2007).[2]

3. Smith nevertheless argues that the waiver of his right to a jury trial was ineffective because the state objected to a bench trial. Smith relies on *Zigan v. State*, 281 Ga. 415 (638 SE2d 322) (2006), rendered after the trial in this case, in which our Supreme Court

---

[2] We also note that Smith's acquittal of murder and conviction on the lesser offense of voluntary manslaughter is a "circumstance [which] strongly supports the conclusion that the assistance actually rendered by defendant's trial counsel fell within that broad range of reasonably effective assistance which members of the bar in good standing are presumed to render." (Citation and punctuation omitted.) *Powell v. State*, 272 Ga. App. 628, 630 (2) (612 SE2d 916) (2005). See *Habersham v. State*, 289 Ga. App. 718, 721-722 (4) (d) (658 SE2d 253) (2008).

held that a trial court may not grant a defendant's request for bench trial over the state's objection. *State v. Evans*, 282 Ga. 63 (646 SE2d 77) (2007). *Zigan*, 281 Ga. at 416-417. However, the state does not now insist on its objection, thus rendering Smith's allegation of error nugatory.

*Judgment affirmed. Ruffin, P. J., and Andrews, J., concur.*

DECIDED MAY 30, 2008.

Mau & Kondritzer, Kenneth D. Kondritzer, for appellant.
Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Assistant District Attorney, for appellee.